THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WELLINGTON ATHLETIC CLUB, LLC d/b/a/ SOUL FITNESS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED WORLD SURPLUS LINES INSURANCE COMPANY,<br><br>Defendant. | NO.  2:21-cv-00256 BJR<br><br>DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS<br><br>HEARING DATE: July 16, 2021<br><br>**Without Oral Argument** |

Defendant Allied World Surplus Lines Insurance Company ("Allied World") moves to dismiss the Complaint under FRCP 12(b)(6) because Plaintiff's Complaint fails to state a claim on which relief can be granted. Plaintiff seeks coverage for its claimed losses associated with the COVID-19 pandemic under a property insurance policy ("the Policy") issued by Allied World. This Court in recent cases and national case law confirm there is no coverage under the Policy.

I.      **PRELIMINARY STATEMENT**

This case is similar to the myriad cases across the nation where a business seeks insurance coverage for lost income due to the COVID-19 pandemic. This Court consolidated numerous such cases for determination of motions to dismiss and held

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 1 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

there was no coverage for losses due to COVID-19. *See Nguyen, et al. v. Travelers Cas. Ins. Co., et al.*, 2021 WL 2184878 (W.D. Wash. May 28, 2021). This Court held that "COVID-19 does not cause the physical loss or damage to property required as a condition precedent to trigger coverage in all the relevant policies." *Id.* at *1; *see, e.g.*, *Glacial Cryotherapy LLC, v. Evanston Ins. Co.,* 2021 WL 2223706, at *1 (W.D. Wash. June 2, 2021); *HT-Seattle Owner LLC v. Am. Guarantee & Liab. Ins. Co.*, 2021 WL 2206480, at *1 (W.D. Wash. June 1, 2021); *B & F Enterprises Nw., LLC v. Amco Ins. Co.*, 2021 WL 2206469, at *1 (W.D. Wash. June 1, 2021). This action was filed after the consolidation of those matters, but the holding in those cases should apply to this case due to similar policy language.

Plaintiff seeks coverage under Policy No. 5075-3062-00, issued by Defendant for Plaintiff's business premises (the "Property"). Plaintiff alleges that Allied World improperly denied coverage for lost business income, extended business income, extra expense and interruption by civil authority caused by the COVID-19 pandemic and related government orders closing non-essential businesses as a precaution to prevent the disease's further spread. Count I seeks a declaratory judgment and Count II seeks breach of contract damages.

Plaintiff's claims are legally insufficient. The Policy requires "direct physical loss of or damage to" the Property as a prerequisite to Business Income, Extended Business Income, and Extra Expense coverage. For Civil Authority coverage, there must be civil authority orders issued barring access to Plaintiff's premises in response to "direct physical loss or damage" to properties other than Plaintiff's. The Complaint does not

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 2 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

state a claim for which relief may be granted because it does not plead a loss caused to Plaintiff or to other property by "direct physical loss of or damage to" property.

The Policy and case law are clear. This Court has held that the "Court joins the numerous courts across the country that have held that COVID-19 does not trigger direct physical loss or damage." *Nguyen,* at *12 (W.D. Wash. May 28, 2021).[1] Specifically, the Court decided that "direct physical damage to" requires a physical impact on the building's structure, which COVID-19 does not do. *Id.* at *10. Additionally, this Court held that "direct physical loss of" means that the alleged peril must set in motion events which cause the inability to physically own or manipulate the property, which COVID-19 also does not do. *Id.* at *11. Based on this case law, Plaintiff does not state a claim.

Instead, Plaintiff's claimed damages are based on loss of use, which is expressly precluded under the Policy's Loss of Use exclusion. Further, the Policy's Virus Exclusion disclaims coverage for loss or damage caused by or resulting from a virus. *Id.* at *16 ("[W]here a policy includes a Virus exclusion, that exclusion also bars coverage for the losses alleged here."); *Glacial Cryotherapy LLC,* 2021 WL 2223706, at *1; *B & F Enterprises Nw., LLC*, 2021 WL 2206469, at *1.

## II.   THE COMPLAINT

Plaintiff owns and operates an exercise gym in Seattle.[2] The Complaint (ECF No. 1) does not attach the Policy but, in effect, incorporates it by several references (Complaint

---

[1] This Court correctly declined to follow the Washington trial court decisions of *Hill & Stout PLLC v. Mut. of Enumclaw Ins. Co.*, 2020 WL 6784271 (Wash. Super. Nov. 3, 2020) and *Perry Street Brewing Co., LLC v. Mut. of Enumclaw Ins. Co.*, 2020 WL 7258116 (Wash. Super. Nov. 23, 2020). These decisions declined to dismiss two COVID-19 insurance cases. As this Court discussed, each case rests on the incorrect reasoning that "the word 'loss' in 'direct physical loss of or damage to' must mean something different than 'damage.'" *Nguyen*, 2021 WL 2184878, at *12 (W.D. Wash. May 28, 2021) (referencing *Hill & Stout*, 2020 WL 6784271, at *2-3; *Perry Street*, 2020 WL 7258116, at *3).

[2] Complaint ¶ 5.

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 3 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

¶ 13-15 and 19-20). A copy of the Policy is annexed as Exhibit A to the declaration of Costantino P. Suriano.

Allegedly, Washington gyms were closed on March 16, 2020, because of Proclamation 20-13.[3] On November 15, 2020, Governor Inslee of Washington issued Proclamation 20-25.8, which allowed fitness facilities and gyms to operate outdoor fitness classes so long as they adhered to social gathering guidelines.[4]

Plaintiff alleges insufficient reasons its losses should be covered. First, Plaintiff alleges that the mere presence of COVID-19 in the air or in an indoor environment causes "direct physical damage to property and/or direct physical loss of property."[5] Plaintiff then alleges that the "presence of any COVID-19 droplets or particles on physical surfaces causes direct physical damage to property and/or direct physical loss of property."[6] Plaintiff next alleges that the presence of persons infected with or carrying COVID-19 at the insured premises renders the premises unsafe and unusable resulting in physical damage and/or direct physical loss to the premises and property.[7] Plaintiff alleges that the loss of functionality of physically unaltered property is a physical loss of property and/or direct physical damage to property.[8] Plaintiff alleges that other businesses near the Property closed and suffered direct physical loss "at least through governmental orders affecting many such places."[9] Plaintiff next alleges that because of

---

[3] Complaint ¶ 46.

[4] Complaint ¶ 56. In its Complaint, Plaintiff notes that Proclamation 20-25.8 prohibited indoor operations, while true, Proclamation 20-25.8 also enabled fitness facilities and gyms to operate outdoor fitness classes. See https://www.governor.wa.gov/sites/default/files/proclamations/proc_20-25.8.pdf.

[5] Complaint ¶ 34.

[6] Complaint ¶ 36.

[7] Complaint ¶ 37.

[8] Complaint ¶ 38.

[9] Complaint ¶ 39.

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 4 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

its facility's mandated closure Plaintiff was "deprived of its property's functionality due to the government's response to the COVID-19 pandemic" and suffered a business loss.[10] Specifically, Plaintiff alleges that its "property and covered movable business property have sustained direct physical loss and/or damage related to COVID-19, property damage related to COVID-19, and/or the proclamations and orders."[11] Plaintiff alleges states that its "property will continue to sustain direct physical loss or damage covered by the Policy, including but not limited to business interruption, extra expense, interruption by civil authority, and other expenses."[12] In sum, Plaintiff alleges that "it suffered direct physical loss of use of the covered properties for its intended purposes."[13] Plaintiff alleges it submitted a claim to Defendant for losses covered by the Policy in or around March 2020 and that its claim was denied on May 11, 2020.[14]

### III. THE ALLIED WORLD POLICY

The Policy's term is July 1, 2019, to July 1, 2020.[15]  Covered Causes of Loss is defined as "direct physical loss unless the loss is excluded or limited in this policy."[16]

The Policy's Insuring Agreement provides:

> We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.[17]

---

[10] Complaint ¶ 64, 71.
[11] Complaint ¶ 67.
[12] Complaint ¶ 68.
[13] Complaint ¶ 69.
[14] Complaint ¶ 73, 74.
[15] Complaint ¶ 14.
[16] (CP 00 10 10 12).  All references to the foms are to the Policy, Suriano Decl., Exhibit A,
[17] (CP 00 10 10 12).

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 5 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

The Policy contains business income and extra expense coverage in relevant part:

1. Business Income

    We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" must be caused by direct physical loss of or damage to property at premises which are described in the Declarations and for which a Business Income Limit of Insurance is shown in the Declarations. The loss or damage must be caused by or result from a Covered Cause of Loss.[18]

2. Extra Expense

    a. Extra Expense coverage is provided at the premises described in the Declarations only if the Declarations show that Business Income coverage applies at that premises.[19]

    b. Extra Expense means necessary expenses you incur during the "period of restoration" that you would not have incurred if there had been no direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss.[20]

Both Business Income and Extra Expense coverage thus require direct physical loss or damage to insured property on the insured premises.

The Policy provides Extended Business Income coverage in relevant part as follows:

    (c) Extended Business Income

        (1)    Business Income other than "Rental Value"
If the necessary "suspension" of your "operations" produces a Business Income loss payable under this policy, we will pay for the actual loss of Business Income you incur during the period that"

---

[18] (CP 00 30 10 12) as modified by (VP CP 00011 00 10 17).

[19] (CP 00 30 10 12) as modified by (VP CP 00011 00 10 17).

[20] (CP 00 30 10 12) as modified by [VP CP 00011 00 10 17).

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 6 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

        (a) Begins on the date the property (except finished stock) is actually repaired, rebuilt, or replaced and "operations are resumed"

    Loss of Business Income must be caused by direct physical loss or damage at the described premises caused by or resulting from any Covered Cause of Loss.[21]

A Business Income loss payable under the Policy requires that there be "direct physical loss of or damage to" insured property at the insured premises and that the property have been repaired, rebuilt or replaced.

The Policy provides for additional coverage for Civil Authority; in relevant part as follows:

  a. Civil Authority

    When a Covered Cause of Loss causes damage to property other than property at the described premises, we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:

    (1) Access to the area immediately surrounding the damaged property is prohibited by civil authority as a result of the damage, and the described premises are within that area but are not more than one mile from the damaged property; and

    (2) The action of civil authority is taken in response to dangerous physical conditions resulting from the damage or continuation of the Covered Cause of Loss that caused the damage, or the action is taken to enable a civil authority to have unimpeded access to the damaged property.[22]

The Policy contains the following exclusion relating to loss of use or market:

    We will not pay for any loss or damage caused by or resulting from any of the following:

                ***

---

[21] (CP 00 30 10 12).

[22] (CP 00 30 10 12) as modified by (VP CP 00011 00 10 17).

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 7 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

b. Delay, loss of use or loss of market.[23]

The Policy contains an Exclusion of Loss Due to Virus or Bacteria Endorsement:

A. The exclusion set forth in Paragraph B. applies to all coverage under all forms and endorsements that comprise this Coverage Part or Policy, including but not limited to forms and endorsements that cover property damage to buildings or personal property and forms and endorsements that cover business income, extra expense or action of civil authority.

B. We will not pay for loss or damage caused by or resulting from any virus, bacteria or other micro-organism that induces or is capable of inducing physical distress, illness or disease.

\* \* \*

E. The terms of the exclusion in Paragraph B., or the inapplicability of this exclusion to a particular loss, do not serve to create coverage for any loss that would otherwise be excluded under this Coverage Part or Policy.[24]

## IV.   LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Failure to plead sufficient facts to state a claim for relief that is "plausible on its face" warrants dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must show its "entitlement to relief" with more than "labels and conclusions, and a formulaic recitation of a cause of action's elements . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Generally, a Rule 12(b)(6) motion to dismiss accepts the complaint's well-pleaded factual allegations as true for purposes of the motion. However, the Court is not required to accept mere conclusory statements or "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements'" of a claim. *Iqbal*, 556 U.S. at 681

---

[23] (CP 10 30 09 17).
[24] (CP 01 40 07 06).

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 8 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

(citing *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. "The court [], is not required 'to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Ten Bridges, LLC v. Midas Mulligan, LLC*, 2021 WL 735677, at *9 (W.D. Wash. Feb. 25, 2021) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)). Although on motions to dismiss courts typically consider only the contents of a complaint, courts "may take judicial notice of facts that are incorporated by reference in the complaint." *United Fed'n of Churches, LLC v. Johnson*, 2021 WL 764670, at *2 (W.D. Wash. Feb. 26, 2021) (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

V.   STANDARDS FOR POLICY INTERPRETATION IN WASHINGTON

Insurance contract interpretation is a question of law for Washington courts. *Quadrant Corp. v. Am. States Ins. Co.*, 110 P.3d 733, 737 (Wash. 2005) (en banc). A Court's determination of coverage is two-fold: (1) the insured must show the loss falls within the scope of the policy's insured losses; (2) to avoid coverage, the insurer must show the loss is excluded using specific policy language. *Transamerica Life Ins. Co. v. Slee*, 2020 WL 7872067, at *4 (W.D. Wash. Dec. 11, 2020), *R. and R.*, 2021 WL 22614 (W.D. Wash. Jan. 4, 2021); *McDonald v. State Farm Fire & Casualty Co.*, 837 P.2d 1000, 1003-04 (Wash. 1992) (en banc). The Court must interpret the policy fairly and reasonably and consider the policy and endorsements as a whole. *Weyerhaeuser Co. v. Com. Union Ins. Co.*, 15 P.3d 115, 122 (Wash. 2000) (en banc); *Kitsap Cty. v. Allstate Ins. Co.*, 964 P.2d 1173, 1177 (Wash. 1998) (en banc). Defined terms should be interpreted according to the policy's definition. *Kitsap Cty.*, 964 P.2d at 1178. When "the policy

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 9 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

language is clear and unambiguous, [the court] must enforce it as written." *Quadrant Corp.*, 110 P.3d at 737. A contract ambiguity does not arise solely because two parties to a contract have different interpretations. *Gallion v. Medco Health Sols., Inc.*, 2014 WL 1328764, at *3 (E.D. Wash. Apr. 2, 2014). Ambiguity exists if on its face the clause or term is susceptible to two different, but reasonable, interpretations. *Quadrant Corp.*, 110 P.3d at 737.

## ARGUMENT

### A. The Business Income, Extra Expense, and Extended Business Income Coverages Do Not Apply Because Plaintiff Has Not Alleged a Direct Physical Loss Of Or Damage

"Direct physical loss of or damage" to Property is a prerequisite to Business Income, Extra Expense, and Extended Business Income under the policy. Plaintiff does not allege "direct physical loss of" or "physical damage to" the Property, instead, Plaintiff notes that it suspended business operations due to the government orders. This is insufficient to trigger coverage. *Nguyen*, 2021 WL 2184878, at *1 (W.D. Wash. May 28, 2021) ("Like the overwhelming consensus that has formed, this Court determines that COVID-19 does not cause the physical loss or damage to property required as a condition precedent to trigger coverage in all the relevant policies."); *Water Sports Kauai, Inc. v. Fireman's Fund Ins. Co.*, 2020 WL 6562332, at *6-7 (N.D. Cal. Nov. 9, 2020). Plaintiff's conclusory allegations using the words "direct physical loss or damage" to describe its losses are insufficient as a matter of law.[25] *W. Coast Hotel Mgmt, LLC v. Berkshire Hathaway Guard Ins. Co.*, 2020 WL 6440037, at *4 (C.D. Cal. Oct. 27, 2020). Plaintiff's damages are demonstrative of loss of use, which does not satisfy the Policy or Washington standards.

---

[25] Complaint ¶¶ 34, 36, 39, 67-69.

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 10 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

In Washington, "to trigger coverage under a direct physical loss theory, an outside peril must cause an inability to interact with the property because of an alteration to its physical status." *Nguyen*, 2021 WL 2184878, at *11. To trigger coverage under "direct physical damage to property," there must be a physical impact to the structure; "COVID-19 does not cause direct physical damage to property as the term is used in the insurance policies." *Id.* at *10.

Washington courts have consistently agreed with the holdings discussed above. *See e.g.*, *Prudential Prop. & Cas. Ins. Co. v. Lawrence*, 724 P.2d 418, 421 (1986) (holding that since the policy has the word physical, it rejects the possibility that "the policy was intended to include 'consequential or intangible damage,' . . . within the term 'property damage.' The intention to exclude such coverage can be the only reason for the addition of the word."); *Herr v. Forghani*, 2011 WL 1833829, at *7-8 (Wash. Ct. App. May 11, 2011) (unpublished) ("[D]irect physical loss" does not include "consequential or intangible damage"); *Borton & Sons, Inc. v. Travelers Ins. Co.*, 2000 WL 60028, at *4 (Wash. Ct. App. Jan. 25, 2000) (unpublished).

Courts around the nation have also concurred with the holdings above. *See e.g.*, *Toppers Salon & Health Spa, Inc. v. Travelers Property Cas. Co. of Am.*, 2020 WL 7024287, at *3-4 (E.D. Pa. Nov. 30, 2020), *appeal filed*, No. 20-3501 (3d Cir. Dec. 10, 2020) (holding that COVID-19 is not within the definition of physical damage that can be repaired, rebuilt or replaced); *Mama Jo's Inc. v. Sparta Ins. Co.,* 823 F. App'x 868 (11th Cir. 2020), *cert. denied,* 2021 WL 1163753 (Mar. 29, 2021) (noting that "direct physical loss" requires actual change to property that requires repair or replacement, not merely cleaning); *Mortar & Pestle Corp. v. Atain Specialty Ins. Co.*, 2020 WL 7495180, at *3-4

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 11 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

(N.D. Cal. Dec. 21, 2020) (mentioning that if loss of use does not have a physical alteration of the property, then it is insufficient).[26]

Like other policies in *Nguyen*, the Policy's Business Income provision provides coverage "for lost Business Income . . . but only where a 'direct physical loss of or damage to' the property covered by the policy has occurred." *Nguyen*, 2021 WL 2184878, at *3 (W.D. Wash. May 28, 2021). Defendant agreed to pay for "reasonable and necessary Extra Expense incurred during the 'period of restoration' that would not have been incurred if there had been no direct physical loss or physical damage to property at the 'scheduled premises.'" Plaintiff has not satisfied the condition of physical loss or damage to the property. Since Plaintiff did not suffer physical loss or damage and did not need to make any repairs or replacements to insured property, and pleads none, there could be no Period of Restoration. Therefore, no benefits are due because there was no physical loss or damage; further, COVID-19 could not create sufficient physical

---

[26] Courts in many jurisdictions have held that COVID-19 cannot cause "direct physical loss or damage" to property. *See, e.g., Am. Food Sys., Inc. v. Fireman's Fund Ins. Co.*, 2021 WL 1131640, at *4 (D. Mass. Mar. 24, 2021); *Manhattan Partners, LLC v. Am. Guar. & Liab. Ins. Co.*, 2021 WL 1016113 (D.N.J. Mar. 17, 2021); *Bachman's Inc. v. Florists' Mut. Ins. Co.*, 2021 WL 981246, at *4 (D. Minn. Mar. 16, 2021); *Arash Emami, M.D., P.C., Inc. v. CNA & Transportation Ins. Co.*, 2021 WL 1137997, at *2 (D.N.J. Mar. 11, 2021); *Skillets, LLC v. Colony Ins. Co.*, 2021 WL 926211, at *7 (E.D. Va. Mar. 10, 2021); *B St. Grill & Bar LLC v. Cincinnati Ins. Co.*, 2021 WL 857361, at *5 (D. Ariz. Mar. 8, 2021); *Food for Thought Caterers Corp. v. Sentinel Ins. Co., Ltd.*, 2021 WL 860345, at *5 (S.D.N.Y. Mar. 6, 2021); *Legal Sea Foods, LLC v. Strathmore Ins. Co.*, 2021 WL 858378, at *3 (D. Mass. Mar. 5, 2021); *15 Oz Fresh & Healthy Food LLC v. Underwriters at Lloyd's London*, 2021 WL 896216, at *6 (S.D. Fla. Feb. 22, 2021); *Circus Circus LV, LP v. AIG Specialty Ins. Co.*, 2021 WL 769660, at *4 (D. Nev. Feb. 26, 2021); *Selane Prod., Inc. v. Cont'l Cas. Co.*, 2021 WL 609257, at *4 (C.D. Cal. Feb. 8, 2021); *Wellness Eatery La Jolla LLC v. Hanover Ins. Grp.*, 2021 WL 389215, at *7 (S.D. Cal. Feb. 3, 2021); *Rococo Steak, LLC v. Aspen Specialty Ins. Co.*, 2021 WL 268478, at *4 (M.D. Fla. Jan. 27, 2021); *Terry Black's Barbecue, LLC v. State Auto. Mut. Ins. Co.*, 2021 WL 972878, at *8 (W.D. Tex. Jan. 21, 2021); *Unmasked Mgmt., Inc. v. Century-Nat'l Ins. Co.*, 2021 WL 242979, at *6 (S.D. Cal. Jan. 22, 2021); *BA LAX, LLC v. Hartford Fire Ins. Co.*, 2021 WL 144248, at *3 (C.D. Cal. Jan. 12, 2021); *Mena Catering, Inc. v. Scottsdale Ins. Co.*, 2021 WL 86777, at *7 (S.D. Fla. Jan. 11, 2021); *KD Unlimited*, 2021 WL 81660, at *5 (N.D. Ga. Jan. 5, 2021); *Edison Kennedy, LLC v. Scottsdale Ins. Co.*, 2021 WL 22314, at *7 (M.D. Fla. Jan. 4, 2021); *Tralom, Inc. v. Beazley USA Servs., Inc.*, 2020 WL 8620224, at *5 (C.D. Cal. Dec. 29, 2020); *Promotional Headwear*, 2020 WL 7078735, at *8; *Pappy's Barber Shops, Inc. v. Farmer Grp. Inc.*, 2020 WL 5847570, at *1 (S.D. Cal. Oct. 1, 2020); *Sandy Point Dental, PC v. Cincinnati Ins. Co.*, 2020 WL 5630465, at *2 (N.D. Ill. Sept. 21, 2020).

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 12 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

loss or damage. *See e.g., Id.*; *Gym Mgmt. Servs., Inc. v. Vantapro Specialty Ins. Co.*, 2021 WL 647528, at *1 (C.D. Cal. Feb. 1, 2021) (Slip Op.); *Toppers Salon & Health Spa, Inc.*, 2020 WL 7024287, at *3-4; *Mark's Engine Co. No. 28 Rest., LLC v. Travelers Indem. Co. of Connecticut*, 2020 WL 5938689, at *1 (C.D. Cal. Oct. 2, 2020). Requiring Allied World to cover losses with no physical loss or damage would render the "period of restoration" meaningless and modify the Policy, which the Court may not do. *Quadrant Corp.*, 110 P.3d at 737; *see Trident Seafoods Corp. v. Commonwealth Ins. Co.*, 850 F. Supp. 2d 1189, 1200-01 (W.D. Wash 2012).

Extended Business Income coverage under the Policy required that Plaintiff suffer a "direct physical loss" and that the Property be repaired, rebuilt or replaced. As discussed above, Plaintiff pleaded that it shut down because of the government orders and the spread of COVID-19. Plaintiff suffered no "direct physical loss" as the building's physical status was unaltered. *Nguyen*, 2021 WL 2184878, at *13 (W.D. Wash. May 28, 2021). "None of the extension provisions which define the benefits an insured is entitled offer coverage as they rely on an initial trigger of the general coverage provision . . . . Often, these extension provisions themselves explicitly incorporate the requirement for physical loss or damage." *Id.* at *13.

### B. The Civil Authority Coverage Does Not Apply Because Plaintiff Has Not Demonstrated Physical Loss Of Or Damage Nor Any Support For Application Of This Coverage

For Civil Authority Coverage, a Covered Cause of Loss must create "direct physical loss or damage," to property other than the property at the described premises. Plaintiff pleads no facts, even if taken as true, that demonstrate direct damage or physical loss to

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 13 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

other businesses.[27] Plaintiff may argue that the school closings and preemptive cleanings are sufficient physical loss or damage, but that is insufficient to meet the standard promulgated by this Court. *Nguyen*, 2021 WL 2184878, at *10-11 (W.D. Wash. May 28, 2021) (discussing the definitions of physical loss and damage to property). As in *Nguyen*, the Civil Authority provision in Plaintiff's case "incorporates the requirement for physical loss or damage to a neighboring building, [therefore] there is no coverage because the Court has already found COVID-19 does not cause such loss or damage" and Plaintiff has not alleged other damage to neighboring properties. *Id.* at *14.

### C. The Plaintiff's Claim Is Barred By The Policy's Exclusion For Loss Of Use Or Market

This Court has previously stated that "COVID-19 does not physically alter the insured property. The only change is an intangible restriction of what the property may be used for." *Nguyen*, 2021 WL 2184878, at *12. Plaintiff alleges it "suffered direct physical loss of use of the covered properties for its intended purposes."[28] The Policy expressly excludes claims for losses or damages "caused by or resulting from . . . delay, loss of use or loss of market." Washington courts must enforce the contract as written when the policy language is clear. *Quadrant Corp. v. Am. States Ins. Co.*, 110 P.3d 733, 737 (Wash. 2005) (en banc).

In *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 487 F. Supp. 3d 834, 842-43 (N.D. Cal. 2020), the court stated that since there was a separate clause for loss of use, it is insinuated that the "direct physical loss of . . . property" clause was not intended to encompass a loss where the property was rendered unusable without an intervening

---

[27] Complaint ¶ 39.
[28] Complaint ¶ 69.

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 14 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

physical force." *Id.* Further, the loss of use provision also "undermines Mudpie's claim that 'a reasonable purchaser of insurance would read the policy as providing coverage for a loss of functionality'" *Id.* The court held that since Mudpie did not allege any intervening physical force beyond the government closure orders, it was not entitled to Business Income or Extra Expense coverage. The Policy expressly excludes coverage for Loss of Use, which is what Plaintiff seeks to recover. As such, Plaintiff's claim should be dismissed.

### D.     The Virus Exclusion Bars Plaintiff's Claim

Even if the Plaintiff had pleaded sufficient facts to establish coverage, Plaintiff's claim would be barred by the Virus Exclusion, which disclaims coverage for any "loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease." This Court has previously held that Virus Exclusions, like the one in the policy, apply to disclaim coverage. *See Glacial Cryotherapy LLC, v. Evanston Ins. Co.,* 2021 WL 2223706, at *1 (W.D. Wash. June 2, 2021); *Cadeceus LLC v. Scottsdale Ins. Co.*, 2021 WL 2206468, at *2 (W.D. Wash. June 1, 2021); *B & F Enterprises Nw., LLC v. Amco Ins. Co.*, 2021 WL 2206469, at *2 (W.D. Wash. June 1, 2021); *Nguyen,* 2021 WL 2184878, at *16 (W.D. Wash. May 28, 2021).

Lastly, Washington courts follow the "efficient proximate cause" doctrine. *See Villela v. Pub. Emps. Mut. Ins. Co.*, 725 P.2d 957, 962 (Wash. 1986) (en banc). Regarding this doctrine, this Court has stated that:

> Here, the underlying facts are undisputed and the line of causation is clear: COVID-19 caused the Governor to issue the Proclamations, which forced Plaintiffs to curtail their business operations. Under such circumstances, the exclusion barring coverage resulting from the virus applies. *See, e.g.,*

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 15 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

*Dolsen Cos. v. Bedivere Ins. Co.*, 264 F. Supp. 3d 1083, 1092-95 (E.D. Wash. 2017) (rejecting Efficient Proximate Cause argument where initial peril was an excluded harm and the alleged subsequent peril was "necessarily intertwined" with initial peril).

*Nguyen*, 2021 WL 2184878, at *16.

## V. CONCLUSION

Based on the foregoing, Allied World's motion should be granted and the Complaint should be dismissed with prejudice.[29]

Dated: June 18, 2021

    Respectfully submitted,

    ALLIED WORLD SURPLUS LINES INSURANCE COMPANY

    By its attorneys,
    GORDON THOMAS HONEYWELL LLP

    By: s/ *Michael E. Rickets*
    By: s/ *Bradley B. Jones*
        Michael E. Rickkets, WSBA # 9387
        Bradley B. Jones, WSBA # 17197
        520 Pike Street, Suite 2350
        Seattle, WA 98101
        Telephone: (206) 676-7500
        Fax: (206) 676-7575
        Email: mricketts@gth-law.com
        Email: bjones@gth-law.com

        Costantino P. Suriano (admitted *pro hac vice*)
        Robert S. Goodman ( admitted *pro hac vice*)
        Email: cusriano@moundcotton.com
        Email: rgoodman@moundcotton.com
        Mound Cotton Wollan & Greengrass LLP

---

[29] Courts in several jurisdictions have dismissed class action complaints for failure to state a claim. *See, e.g., Zwillo V, Corp. v. Lexington Ins. Co.*, 2020 WL 7137110 (W.D. Mo. Dec. 2, 2020); *Selane Prod., Inc. v. Cont'l Cas. Co.*, 2020 WL 7253378 (C.D. Cal. Nov. 24, 2020); *Hillcrest Optical, Inc. v. Cont'l Cas. Co.*, 2020 WL 6163142 (S.D. Ala. Oct. 21, 2020).

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 16 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## DECLARATION OF SERVICE

I hereby certify that on June 18, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record registered on the CM/ECF system.

        /s/Kristin A. Larkin
        Kristin A. Larkin, Legal Assistant
        GORDON THOMAS HONEYWELL LLP

DEFENDANT ALLIED WORLD SURPLUS LINES INSURANCE COMPANY'S
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12 (B)(6) AND
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS - 17 of 17
(2:21-cv-00256 BJR)
[4831-6333-5151]

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575