The Honorable Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| WELLINGTON ATHLETIC CLUB, LLC d/b/a/ SOUL FITNESS, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED WORLD SURPLUS LINES INSURANCE COMPANY,<br><br>Defendant. | No. 2:21-cv-00256-BJR<br><br>PLAINTIFF'S NOTICE OF APPEAL |

PLEASE TAKE NOTICE that Plaintiff Wellington Athletic Club, LLC d/b/a Soul Fitness ("Plaintiff") hereby appeals to the United States Court of Appeals for the Ninth Circuit from the district court's Opinion and Order Granting Motion to Dismiss ("Order"), entered on September 22, 2021 (Dkt. # 27), and the district court's entry of Judgment in a Civil Case ("Judgment"), entered September 22, 2021 (Dkt. # 28).

The Order is attached hereto as Exhibit A and the Judgment is attached hereto as Exhibit B. Plaintiff's Representation Statement is attached hereto as required by Fed. R. App. P. 12(b) and Ninth Circuit Rule 3-2(b).

PLAINTIFF'S NOTICE OF APPEAL (2:21-cv-00256-BJR) - 1

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1    DATED this 20th day of October, 2021.

2                                    KELLER ROHRBACK L.L.P.

By: *s/ Amy Williams-Derry*
By: *s/ Lynn L. Sarko*
By: *s/ Ian S. Birk*
By: *s/ Gretchen Freeman Cappio*
By: *s/ Irene M. Hecht*
By: *s/ Nathan L. Nanfelt*
By: *s/ Gabriel E. Verdugo*
    Amy Williams-Derry, WSBA #28711
    Lynn L. Sarko, WSBA #16569
    Ian S. Birk, WSBA #31431
    Gretchen Freeman Cappio, WSBA #29576
    Irene M. Hecht, WSBA #11063
    Nathan L. Nanfelt, WSBA #45273
    Gabriel E. Verdugo, WSBA #44154
    1201 Third Avenue, Suite 3200
    Seattle, WA 98101
    Tel.: (206) 623-1900
    Fax: (206) 623-3384
    Email: awilliams-derry@kellerrohrback.com
    Email: lsarko@kellerrohrback.com
    Email: ibirk@kellerrohrback.com
    Email: gcappio@kellerrohrback.com
    Email: ihecht@kellerrohrback.com
    Email: nnanfelt@kellerrohrback.com
    Email: gverdugo@kellerrohrback.com

By: *s/ Alison Chase*
    Alison Chase, *pro hac vice forthcoming*
    801 Garden Street, Suite 301
    Santa Barbara, CA 93101
    Tel.: (805) 456-1496
    Fax: (805) 456-1497
    Email: achase@kellerrohrback.com

***Attorneys for Plaintiff and the Proposed Class***

PLAINTIFF'S NOTICE OF APPEAL (2:21-cv-00256-BJR) - 2

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# REPRESENTATION STATEMENT

Plaintiff Wellington Athletic Club, LLC d/b/a Soul Fitness submits this Representation Statement pursuant to Fed. R. App. P. 12(b) and Ninth Circuit Rule 3-2(b). The following list identifies all counsel for the parties in this action, identified by name, firm, address, telephone number, facsimile, and email address:

**For Plaintiff-Appellant, Wellington Athletic Club, LLC d/b/a Soul Fitness**

Ian S. Birk, WSBA #31431
Amy Williams-Derry, WSBA #28711
Lynn Lincoln Sarko, WSBA #16569
Gretchen Freeman Cappio, WSBA #29576
Irene M. Hecht, WSBA #11063
Nathan L. Nanfelt, WSBA #45273
Gabriel E. Verdugo, WSBA #44154
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, WA 98101
Telephone: (206) 623-1900
Fax: (206) 623-3384
Email: ibirk@kellerrohrback.com
Email: awilliams-derry@kellerrohrback.com
Email: lsarko@kellerrohrback.com
Email: gcappio@kellerrohrback.com
Email: ihecht@kellerrohrback.com
Email: nnanfelt@kellerrohrback.com
Email: gverdugo@kellerrohrback.com

Alison Chase, *pro hac vice forthcoming*
KELLER ROHRBACK L.L.P.
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
Email: achase@kellerrohrback.com

**For Defendant-Appellee Allied World Lines Insurance Company:**

Michael E. Ricketts, WSBA # 9387
Bradley B. Jones, WSBA # 17197
GORDON THOMAS HONEYWELL LLP
520 Pike Street, Suite 2350

PLAINTIFF'S NOTICE OF APPEAL (2:21-cv-00256-BJR) - 3

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

| | |
|---|---|
| 1 | Seattle, WA 98101 |
| | Tel.: (206) 676-7500 |
| 2 | Fax: (206) 676-7575 |
| 3 | Email: mricketts@gth-law.com |
| | Email: bjones@gth-law.com |
| 4 | |
| 5 | Costantino P. Suriano, Bar # 1718030 (*admitted pro hac vice*) |
| | Robert S. Goodman, Bar # 1360130 (*admitted pro hac vice*) |
| 6 | MOUND WOLLAN & GREENGRASS LLP |
| | One New York Plaza |
| 7 | New York, NY 1004 |
| | Tel.: (212) 804-4200 |
| 8 | Fax: (212) 344-8066 |
| | Email: csuriano@moudcotton.com |
| 9 | Email: rgoodman@moundcotton.com |
| 10 | DATED this 20th day of October, 2021. |
| 11 | KELLER ROHRBACK L.L.P. |
| 12 | |
| | By: *s/ Amy Williams-Derry* |
| 13 | By: *s/ Lynn L. Sarko* |
| | By: *s/ Ian S. Birk* |
| 14 | By: *s/ Gretchen Freeman Cappio* |
| | By: *s/ Irene M. Hecht* |
| 15 | By: *s/ Nathan L. Nanfelt* |
| 16 | By: *s/ Gabriel E. Verdugo* |
| | Amy Williams-Derry, WSBA #28711 |
| 17 | Lynn L. Sarko, WSBA #16569 |
| | Ian S. Birk, WSBA #31431 |
| 18 | Gretchen Freeman Cappio, WSBA #29576 |
| | Irene M. Hecht, WSBA #11063 |
| 19 | Nathan L. Nanfelt, WSBA #45273 |
| 20 | Gabriel E. Verdugo, WSBA #44154 |
| | 1201 Third Avenue, Suite 3200 |
| 21 | Seattle, WA 98101 |
| | Tel.: (206) 623-1900 |
| 22 | Fax: (206) 623-3384 |
| | Email: awilliams-derry@kellerrohrback.com |
| 23 | Email: lsarko@kellerrohrback.com |
| | Email: ibirk@kellerrohrback.com |
| 24 | Email: gcappio@kellerrohrback.com |
| 25 | Email: ihecht@kellerrohrback.com |
| | Email: nnanfelt@kellerrohrback.com |
| 26 | Email: gverdugo@kellerrohrback.com |

PLAINTIFF'S NOTICE OF APPEAL (2:21-cv-00256-BJR) - 4

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

By: *s/ Alison Chase*
Alison Chase, *pro hac vice forthcoming*
801 Garden Street, Suite 301
Santa Barbara, CA 93101
Tel.: (805) 456-1496
Fax: (805) 456-1497
Email: achase@kellerrohrback.com

***Attorneys for Plaintiff and the Proposed Class***

PLAINTIFF'S NOTICE OF APPEAL (2:21-cv-00256-BJR) - 5

**KELLER ROHRBACK L.L.P.**
1201 Third Avenue, Suite 3200
Seattle, WA 98101-3052
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

# EXHIBIT A

The Honorable Barbara J. Rothstein

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WELLINGTON ATHLETIC CLUB, LLC,

    Plaintiff,

    v.

ALLIED WORLD SURPLUS LINES INSURANCE COMPANY,

    Defendant.

Civil Action No. 2:21-cv-00256-BJR

ORDER GRANTING MOTION TO DISMISS

## I.    INTRODUCTION

Plaintiff Wellington Athletic Club filed this lawsuit against Defendant Allied World Surplus Lines Insurance Company in March 2021, alleging claims for breach of contract and a declaratory judgment.[1]  Currently before the Court is Defendant's motion to dismiss Plaintiff's complaint for failure to state a claim on which relief can be granted.  Having reviewed the motion,

---

[1] Plaintiff's complaint describes this case as a class action, but as Plaintiff has not taken any steps to certify a class, the Court will disregard Plaintiff's class allegations.

1

the opposition thereto, the record of the case, and the relevant legal authorities, the Court will grant Defendant's motion to dismiss. The reasoning for the Court's decision follows.

## II.  BACKGROUND

Plaintiff "owns and operates an exercise gym in Seattle that offers a variety of standard and specialty gym equipment and machines." Dkt. No. 1 ¶ 5. Beginning in March 2020, Governor Jay Inslee issued proclamations that effectively ordered businesses like Plaintiff's to cease operations. *Id.* ¶¶ 43-48. According to Plaintiff, these proclamations were extended through the winter of 2020, and Plaintiff's gym remained closed during that time. *Id.* ¶¶ 54-57. It is not clear from the complaint if or when Plaintiff was able to resume operations.

Defendant is an insurance company that issued Plaintiff an "all-risk" insurance policy covering Plaintiff's business property (the "Policy"). *Id.* ¶¶ 13-14. In March 2020, Plaintiff filed a claim for "losses covered by the Policy." *Id.* ¶ 73. Defendant denied the claim in May 2020. *Id.* ¶ 74. Plaintiff brings this lawsuit claiming that Defendant erroneously determined that the Policy did not cover Plaintiff's COVID-19-related losses and wrongfully denied Plaintiff's insurance claim.

## III.  DISCUSSION

The Policy states that "[Defendant] will pay for the actual loss of Business Income . . . due to the necessary 'suspension' of [Plaintiff's] 'operations' . . . [if the 'suspension' is] caused by direct physical loss of or damage to [the covered] property." Dkt. No. 20-1 at ECF 29. The Policy also contains a section for "Additional Coverage" that includes a "Civil Authority" provision. *Id.* at ECF 30. Coverage under that provision is triggered if "a Covered Cause of Loss causes damage to property other than property at the [insured] premises . . . [and] [a]ccess to the area immediately

surrounding the damaged property is prohibited by civil authority as a result of the damage." *Id*. Under both provisions, Plaintiff's claims for coverage hinge on whether the suspension of its business operations due to the COVID-19 virus amounts to "direct physical loss or damage to property."

As the parties are aware, this Court has already decided numerous cases involving identical policy language in the consolidated action *Nguyen v. Travelers Casualty Ins. Co. of Am*, 2021 WL 2184878 (W. D. Wash. May 28, 2021).  Like the Policy here, the insurance agreements in the consolidated action contained both a general coverage provision for "direct physical loss of or damage" to the insured properties and a "Civil Authority" provision covering situations where damage to a nearby property prevents access to the insured property. *Id.* at *3-4.

Interpreting these provisions, the Court concluded "that COVID-19 does not cause direct physical damage to property as the term is used in the insurance policies." *Id.* at *10.  The Court likewise rejected the plaintiffs' interpretation of the term "physical loss" to include the loss of the ability to use the property for business operations.[2] *See id.*  Because all of the plaintiffs' theories of liability depended on there having been direct physical loss or damage to their properties, and because the Court found that closure due to COVID-19 does not constitute physical loss or damage, the Court dismissed all of their claims. *See generally id.*

In doing so, the Court agreed with the vast majority of federal district courts that had

---

[2] The Court also found that, even if the policy language covered COVID-19, the policy's "virus exclusion" provision would apply, and coverage could be denied on that basis. *See Nguyen*, 2021 WL 2184878, at *15-16. Plaintiff does not dispute that the virus exclusion contained in the Policy here is virtually identical to the one in *Nguyen*, and Plaintiff incorporates by reference the discussion of the virus exclusion in that case. *See* Dkt. No. 25 at 10-11.

3

considered the same contract language in the context of COVID-19.  *See id.* at *10-11.  Since *Nguyen*, two circuit courts have considered appeals from these cases on the merits, and both circuits affirmed the district courts' holdings that COVID-19 does not cause direct physical loss or damage.  *See Gilreath Family & Cosmetic Dentistry, Inc. v. Cincinnati Ins. Co.*, 2021 WL 3870697 (11th Cir. Aug. 31, 2021); *Oral Surgeons PC v. Cincinnati Ins. Co.*, 2 F.4th 1141 (8th Cir. 2021).[3]

      Here, Plaintiff argues that it suffered the physical loss of its property when it "was unable to enter or use its physical premises."  Dkt. No. 25 at 7.  Plaintiff does not dispute that *Nguyen* considered policy language identical to that of the Policy here and does not seriously attempt to distinguish the facts of this case; in fact, Plaintiff explicitly incorporates by reference the arguments that the Court rejected in *Nguyen*.  *See, e.g.*, *id.* at 2 ("Because the argument Defendant . . . raises . . . largely mirror the arguments defendants asserted in moving to dismiss related cases before this Court, [Plaintiff] incorporates by reference plaintiffs' earlier briefing" (citing case related to *Nguyen*)).  Plaintiff further claims that the Policy's language is ambiguous, that the Policy should be construed in Plaintiff's favor, and that dismissal is inappropriate (*see id.* at 9), but this Court has already rejected that argument as well, *see Nguyen*, 2021 WL 2184878, at *10-11.

      In summary, Plaintiff's arguments in support of its interpretation of the Policy do not materially differ from those made by the plaintiffs in *Nguyen*, and the Court declines to revisit its

---

[3] The Third Circuit also heard appeals in three similar cases, but the panel considered only procedural questions that were unique to those appeals and that have no application here.  *See generally DiAnoia's Eatery, LLC v. Motorists Mutual Ins. Co.*, 2021 WL 3642111 (3d Cir. Aug. 18, 2021).

4

findings in that case. As all of Plaintiff's theories of liability depend on there having been direct physical loss or damage to its properties, and the Court having found that closure due to COVID-19 does not constitute physical loss or damage, all of its claims must be dismissed.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's motion to dismiss (Dkt. No. 19), and Plaintiff's complaint is hereby dismissed with prejudice.

DATED this 22nd day of September, 2021.

*Barbara J. Rothstein*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

# UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WELLINGTON ATHLETIC CLUB, LLC,<br><br>        Plaintiff,<br><br>vs.<br><br>ALLIED WORLD SURPLUS LINES INSURANCE COMPANY,<br><br>        Defendant. | JUDGMENT IN A CIVIL CASE<br><br>CASE NO. 21-cv-256-BJR |

\_\_\_\_  **Jury Verdict**. This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

  X   **Decision by Court**. This action came to consideration before the Court. The issues have been considered and a decision has been rendered.

  By Order of the Court, Defendant's Motion to Dismiss, Dkt. No. 19, is GRANTED.  This matter is DISMISSED with Prejudice.

  DATED this 22nd day of September 2021.

                    RAVI SUBRAMANIAN
                    Clerk of Court

                    s/Grant Cosgwell
                    Clerk of Court